[No. 4139.    Decided August 8, 1902.]

WALTER W. WISHON, *Respondent,* v. GREAT WESTERN MINING COMPANY, *Appellant.*

CONTRACT FOR SERVICES — CONDITIONAL PAYMENT — RIGHT OF RECOVERY.

A mining expert is not entitled to recover for his services in examining and reporting upon a mine, under a contract providing he should be paid a stipulated sum in case a sale should be effected "by and through the report" made by him on the property, when there is no evidence showing that the report aided in the sale of the property, other than the fact that it had been submitted along with other reports to the purchaser.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

*C. S. Voorhees* and *Reese H. Voorhees,* for appellant.

*Harris Baldwin,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent, who was plaintiff below, brought this action to recover the sum of twenty-five hundred dollars and interest, alleged to be due under the following agreement:

"This agreement made and entered into this 22d day of February, eighteen hundred and ninety-seven (1897),

between Walter W. Wishon, of the city of Butte, county of Silver Bow, state of Montana, the party of the first part, and James B. Jones and Chas. E. Barr, of the city of Spokane, state of Washington, for the Great Western Min'g. Co., parties of the second part:

"Witnesseth, That, whereas, the said party of the first part is a mining engineer and expert, whose opinions and statements concerning mines and mining properties, is of value and is highly regarded by those who are purchasing mines and mining property; and, whereas, the said parties of the second part are desirous of selling and disposing of those certain mines and mining property, of which said parties of the second part are owners, hereinafter described, and is desirous of employing the said party of the first part, in reporting on the said property so as to have his professional recommendation, or other report, upon the same, as the property may warrant:

"Now, therefore, this agreement witnesseth: That for and in consideration of the services rendered and to be rendered by the said party of the first part in the sale of the said mines and mining property, which is now pending, or on any sale or sales which may be made by and through the report upon the said property by the said party of the first part, at any time or to any person or persons whomsoever, of the Great Western group or property, consisting of the Great Western mining lode claim and the Golden Chariot mining lode claim, situate at Rossland, Trail Creek Mining District, West Kootenay Subdivision of British Columbia; and in consideration of the report of the said party of the first part, or any part of the same report, or any map, writing, printed matter or other recommendation or statement made by the said party of the first part for and on account of the sale, which is now pending, for the price of ———————— dollars, or any sale or sales hereinafter to be made by and through the said report, or any part thereof, of the said property, the said parties of the second part covenant and agree to and with the said party of the first part, that they will pay him or his heirs or assigns, the full sum of twenty-five hundred

($2,500) dollars, to be paid immediately upon the payment of the purchase money.

"And it is further agreed and understood that the expense incurred in making the trip from Butte City, Montana, to the said property and return and during the examination, assays, maps, etc., by the party of the first part, shall be repaid to said party of the first part by the said parties of the second part at the time and times said expense is incurred.

"And the said party of the first part promises and agrees to and with the said parties of the second part that he will use all his professional skill, and will make a full and complete report of the said mines and mining property, and will expert the same and will do all in his power to bring about a fair and honest sale of the said property.

"In Witness Whereof, the said parties hereto have set their hands and seals, the day and year first above written.

Witness.                W. W. Wishon,              (Seal)
                        Great Western Min'g. Co.   (Seal)
                        By————————————(Seal)
                             Jas. B. Jones,
                             Chas. E. Barr."

From the record it appears that the appellant is a corporation organized under the laws of this state, having a board of seven trustees. At the time of the execution of the contract above set out, it was, and for some time prior thereto had been, the owner of the mining properties described in the contract, which it was desirous of selling, and to that end individual efforts were being made by certain of these trustees to find a purchaser. Among those endeavoring to sell the property was James B. Jones. He was in communication with a person in London, England, who had, just prior to the date of the contract, sent him a cablegram, requesting a mining engineer's report upon the property. To procure such a report, Jones communicated with the respondent, who met with him and Charles

E. Barr, who was also a trustee, in the city of Spokane, when the contract sued upon was entered into. It further appears that, pursuant to the contract, the respondent visited and examined the mining properties, and afterwards made a report thereon, copies of which Jones forwarded to his London correspondent. No sale of the properties, however, resulted therefrom. Thereafter the company sold the properties to the British America Corporation. This sale was brought about apparently through the efforts of Jones, Barr, and another trustee by the name of Warren, who, in the negotiations leading up to the sale, furnished, for the use and information of the persons representing the purchaser, copies of the respondent's report, with others of a similar nature. The action was tried before the court and a jury, and resulted in a verdict and judgment for the full amount demanded.

Of the errors assigned we shall notice but one, namely, that the evidence is insufficient to justify the verdict. The respondent bases his right to recover upon the grounds of ratification and estoppel. It is not claimed that Jones and Barr had precedent authority from the corporation to enter into the contract sued upon in its behalf, nor is it contended that they had, of themselves, or in connection with trustee Warren, authority to enter into a contract on behalf of the corporation for the sale of the mining property. But it is said that the evidence shows that a majority of the trustees of the corporation had knowledge, prior to the sale of the mine, that the contract had been entered into, and the report made in pursuance thereof, and that they suffered and permitted certain of the trustees to use the report in effecting a sale of the mine, of which the corporation received the benefits; and that these acts amount to a ratification, and estop the corporation from asserting

that the act was unauthorized. If the evidence justified
the conclusion here drawn from it, which we think can be
fairly doubted, it seems to us that it falls short of making
a case under the terms of the contract. The contract pro-
vides that the sum named therein is to be paid only in
case a sale is effected "by and through" the report to be
made in pursuance thereof. This means, if meaning is to
be given to it at all, that the report must be the moving
cause in effecting a sale of the property. So far from
showing this, the evidence fails to show that the report
aided in the slightest degree in effecting the sale. Indeed,
the agent who represented the purchaser, and the only per-
son who testified for the respondent on the subject, remem-
bered the fact that the report had been submitted to him
only because he found it among his papers at the time of
his examination. This is not enough. The proofs should
show that the report aided in some degree in the sale of
the property, and without such proofs the respondent can-
not recover, even though it be shown that the contract was
the contract of the appellant. The judgment is reversed,
and the cause remanded, with instructions to dismiss the
action.

REAVIS, C. J., and MOUNT, ANDERS, HADLEY, WHITE
and DUNBAR, JJ., concur.